UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH B. RAMIREZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>　　　　　　Respondent. | No.  1:22-cv-00295-HBK<br><br>ORDER GRANTING LEAVE TO FILE A<br>FIRST AMENDED PETITION<br><br>(Doc. No. 6)<br><br>THIRTY DAY DEADLINE |

On February 24, 2022, Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Before the Petition in this case was screened, Petitioner initiated a separate habeas action by filing another petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 10, 2022 in Case No. 1:22-cv-00604-HBK.  In accordance with *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008), the Court construed the later-filed petition in Case No. 1:22-cv-00604-HBK as a motion to amend the Petition filed in this case, and ordered the later-filed matter closed.  (Doc. Nos. 5-6).  A preliminary screening of the proposed amended Petition reveals that it fails to present cognizable grounds for relief or facts in support, and fails to name a proper respondent.  Therefore, the Court will grant Petitioner's construed *Woods* motion and afford Petitioner an opportunity to file an first amended petition before recommending dismissal of this action.

1

**DISCUSSION**

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;

(2) State the facts supporting each ground;

(3) State the relief requested;

(4) Be printed, typewritten, or legibly handwritten; and

(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

The Petition is 74 pages long and to extent discernable, asserts claims including, but not

2

1   limited to, violation of equal protection and due process rights, "interference with commerce by

2   threats or violence," and violations of the Americans with Disabilities Act.  (*See* Doc. No. 6).  It

3   is unclear whether Petitioner is making any allegations that he is in custody in violation of the

4   Constitution or laws or treaties of the United States.  And the Petitioner fails to specify ground(s)

5   for relief or any facts supporting his ground(s).  Therefore, the petition fails to state a cognizable

6   federal habeas claim and is subject to dismissal.  Petitioner will be granted an opportunity to file a

7   First Amended Petition curing these deficiencies if he is able.  Petitioner is advised that he should

8   caption his pleading, "First Amended Petition," and he should reference the instant case number.

9   Failure to comply with this order will result in dismissal of the action.

10   **C.  Failure to Name a Proper Respondent**

11   Petitioner also identifies "The People of California" as the Respondent.  A petitioner

12   seeking habeas corpus relief must name the officer having custody of him as the respondent to the

13   petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891,

14   894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994).

15   Normally, the person having custody of an incarcerated petitioner is the warden of the prison in

16   which the petitioner is incarcerated because the warden has "day-to-day control over" the

17   petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21

18   F.3d at 360.  However, the chief officer in charge of penal institutions is also appropriate.  *Ortiz*,

19   81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper

20   respondent is his probation or parole officer and the official in charge of the parole or probation

21   agency or correctional agency.  *Id*.

22   Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

23   for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth*., 423 F.2d 1326,

24   1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd

25   Cir. 1976).  However, the Court will give Petitioner the opportunity to cure this defect by

26   amending the petition to name a proper respondent, such as the warden of his facility.  *See West v.*

27   *Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363

28   (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent);

3

1 | *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner may correct this
2 | deficiency in his First Amended Petition.

3 | **ORDER**

4 |         Accordingly, IT IS ORDERED:

5 |     1.  Petitioner construed motion to amend Petition (Doc. No. 6) is GRANTED.  Petitioner
6 |         shall file a free-standing First Amended Petition within **thirty days (30)** from the date of
7 |         service of this Order.

8 |     2.  Petitioner may also file a Notice of Voluntary Dismissal if he does not believe he can cure
9 |         the deficiencies identified above.

10 |    3.  If Petitioner fails to timely file a First Amended Petition the undersigned will recommend
11 |        the Court dismiss the petition for the reasons set forth here and/or for Petitioner's failure
12 |        to prosecute this action.

Dated:    July 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE