UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH B. RAMIREZ,<br><br>                    Petitioner,<br><br>           v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No. 1:22-cv-00295-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Isaiah B. Ramirez, while a pretrial detainee, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 deemed filed on February 24, 2022. (*See* Doc. Nos. 1, 2).[2] On March 14, 2022, the Court issued new case documents and an order directing Petitioner to complete and return the form indicating consent or decline to the jurisdiction of the Magistrate Judge, and an order authorizing in forma pauperis status. (Doc. Nos. 3-4). On March 30, 2022, the orders served on Petitioner were returned by the U.S. Postal Service as "undeliverable – not in custody." (*See* docket). On July 25, 2022, the Court construed a separate, later-filed habeas petition in case number 1:22-cv-006040-HBK as a motion to amend

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Petition was filed in the United States Court of Appeals for the Ninth Circuit and transferred to this Court on March 4, 2022. (Doc. No. 2).

consistent with *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) and directed the motion to be filed in this earlier-filed action. (Doc. No. 5). Upon review of the proposed amended petition, the Court conducted Rule 4 screening and found the proposed amended petition deficient for several reasons,³ but granted Petitioner the opportunity to file a free-standing first amended petition within 30 days. (Doc. No. 7, "July 25 Order"). The Court warned Petitioner if he failed to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth here and/or for Petitioner's failure to prosecute this action. (*Id.*).

On July 29, 2022, the July 25 Order served on Petitioner was returned by the U.S. Postal Service as "undeliverable – not in custody." (*See* docket). On September 8, 2022, the July 25 Order was re-served on Petitioner due to the notice of change of address Petitioner had filed in his later-filed action. (Doc. No. 8). The re-served July 25 Order has not been returned. The Court notes the change of address indicates Petitioner is no longer incarcerated or detained in jail. As of the date of this Findings and Recommendation, Petitioner has not filed a first amended petition nor sought an extension of time to respond to the July 25 Order.

**I. APPPLICABLE LAW**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the

---

³ The original petition comprised 120 pages. (Doc. No. 1). The proposed amended petition comprised 74 pages in length. (Doc. No. 6). Both petitions asserted various vague claims without any factual support, including violation of Petitioner's equal protection and due process rights, "interference with commerce by threats or violence," and violations of the Americans with Disabilities Act. (*See* Doc. No. 6). Further, Petitioner identified "The People of California" as the Respondent on both petitions. Because Petitioner was no longer in custody and his status was unclear, the Court advised Petitioner if he was on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency. (*Id.*).

1  availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that
2  these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added);
3  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and
4  independently reviewing the record because district court did not make finding as to each); *but*
5  *see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but
6  noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,
7  963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff
8  did not amend caption to remove "et al" as the court directed and reiterating that an explicit
9  finding of each factor is not required by the district court).

## II. ANALYSIS

11      The undersigned considers the above-stated factors and concludes the majority of the
12  above factors favor dismissal in this case.  The expeditious resolution of litigation is deemed to be
13  in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).
14  Turning to the second factor, the court's need to efficiently manage its docket cannot be
15  overstated.  This court has "one of the heaviest caseloads in the nation," and due to unfilled
16  judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a
17  declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial
18  Emergency in the Eastern District of California.  The court's time is better spent on its other
19  matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial
20  courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and
21  requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J.,
22  concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition
23  where petitioner failed to timely respond to court order and noting "the weight of the docket-
24  managing factor depends upon the size and load of the docket, and those in the best position to
25  know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk
26  that evidence will become stale or witnesses' memories will fade or be unavailable and can
27  prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968).

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  Here, upon review, both the petition and proposed amended petition are deficient. Thus, Petitioner has not presented a matter on the merits for the Court to consider. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice.  And finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternative" requirement.  *See Ferdik*, 963 F.2d at 1262.  The Court's order dated July 25, 2020 expressly warned Petitioner if he failed to respond, that the undersigned will recommend the district court dismiss the petition. Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

1. This case be dismissed without prejudice for failure to prosecute.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

////

////

////

////

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE