1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   **ISAIAH B. RAMIREZ,**                    **CASE NO.   1:22-cv-00295-AWI-HBK (HC)**

12            **Petitioner,**                  **ORDER ADOPTING FINDINGS AND**
                                               **RECOMMENDATIONS, DISMISSING**
13       **v.**                                **PETITION FOR WRIT OF HABEAS**
                                               **CORPUS, AND DIRECTING CLERK OF**
14   **PEOPLE OF THE STATE OF**                **COURT TO ENTER JUDGMENT AND**
     **CALIFORNIA,**                           **CLOSE CASE**
15
              **Respondent.**                  (Doc. Nos. 1, 8)
16

17

18          Petitioner Isaiah B. Ramirez, while a pretrial detainee, initiated this action by filing a pro

19   se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. No. 1.  On November

20   21, 2022, the magistrate judge assigned to the case issued findings and recommendations to

21   dismiss the petition for failure to prosecute.  Doc. No. 10.  These findings and recommendations

22   were served on all parties and contained notice that any objections were to be filed within

23   fourteen days from the date of service of that order.  As of the date of this order Petitioner has not

24   filed objections, and the deadline for doing so has expired.

25          In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

26   de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that

27   the magistrate judge's findings and recommendations are supported by the record and proper

28   analysis.

                                                1

1    In addition, the Court declines to issue a certificate of appealability.  A state prisoner

2  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

3  his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537

4  U.S. 322, 335–36 (2003).  The controlling statute in determining whether to issue a certificate of

5  appealability is 28 U.S.C. § 2253, which provides as follows:

6

7    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

8

9    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

10

11    (c)

12    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

13

14    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

15

16    (B) the final order in a proceeding under section 2255.

17    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

18

19    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

20    If a court denies a petitioner's petition, the court may only issue a certificate of

21  appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

22  § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable

23  jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

24  in a different manner or that the issues presented were 'adequate to deserve encouragement to

25  proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463

26  U.S. 880, 893 & n.4 (1983)).

27    In the present case, the Court finds that Petitioner has not made the required substantial

28  showing of the denial of a constitutional right to justify the issuance of a certificate of

1  appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not

2  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

3  proceed further.  Thus, the Court will decline to issue a certificate of appealability.

4  **<u>ORDER</u>**

5  Accordingly, IT IS HEREBY ORDERED that:

6  1.   The findings and recommendations (Doc. No. 10) issued on November 21, 2022,

7  are ADOPTED in full;

8  2.   The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

9  3.   The Clerk of Court shall ENTER judgment and CLOSE the file; and

10  4.   The Court DECLINES to issue a certificate of appealability.

11

IT IS SO ORDERED.

12

13  Dated:   March 28, 2023

SENIOR  DISTRICT  JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3